**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KAMMY SOWELL,<br>    Plaintiff<br><br>                     v.<br><br>SOUTHWEST AIRLINES CO., and<br>MIDLAND TESTING SERVICES INC.,<br>    Defendants. | Civil Action No.<br>1:23-cv-00634-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Southwest Airlines Co.'s motion to dismiss Plaintiff Kammy Sowell's claims [ECF 13]. After careful consideration, the Court **GRANTS** Southwest's motion. Sowell failed to timely serve Southwest and the Court declines to exercise its discretion to extend the service deadline; because of this failure, Sowell's claims against Southwest Co. are time-barred.

**I.    Background**

Sowell worked as a Ramp Operator for Southwest Airlines.[1] On April 11, 2021, Sowell was told by his supervisor that he had been selected for a "reasonable suspicion" breath alcohol test.[2] The result was positive.[3] Sowell was then asked to

---

[1]   ECF 1, ¶ 3.

[2]   *Id.* ¶¶ 6-7.

[3]   *Id.* ¶ 9.

1

provide a urine sample to confirm the results of the breath test, and claims he never received lab results from the urine sample.[4] Sowell does not allege he was fired or physically harmed.

Sowell filed suit on February 10, 2023.[5] He brought five counts under Georgia state law: Invasion of Privacy, Negligence, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Punitive Damages. On February 22, Southwest's registered agent in Georgia received a copy of the complaint and summons, but the summons was not signed nor issued by the Clerk of Court.[6] On March 7, Southwest alerted Sowell that service of process was defective, and requested a waiver of service, including a link to a court-issued form regarding waiver.[7] Three and half weeks later, on March 31, Sowell's counsel informed Southwest that he planned to have the Clerk issue summons and serve Southwest—there was no mention of waiver.[8] The parties agree that Southwest was not actually served with process until May 31, 110 days

---

[4]   *Id.*

[5]   *See generally*, ECF 1.

[6]   ECF 13-2, at 2, 27.

[7]   *Id.* at 2.

[8]   *Id.* at 6, 29.

after the complaint was filed and nearly a month after the time to effect service of process lapsed.[9] Accordingly, Southwest filed this motion to dismiss.

## II. Legal Standard

Fed. R. Civ. P. 12(b)(5) permits a court to dismiss a case for insufficient service of process. In analyzing the validity of service, the Court may make factual findings as long as the findings do not adjudicate the merits of the case. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

## III. Discussion

Southwest's motion asks this Court to dismiss it from this action for three reasons. First, it argues that Sowell failed to timely serve Southwest. Second, and relatedly, it argues that Sowell's claims were time-barred by the time he perfected service. Third, it contends that this Court lacks subject matter jurisdiction because Sowell's claims are preempted by the Federal Railway Labor Act. While the Court is generally loathe to dismiss claims for procedural reasons, that outcome is warranted here. The Court need not reach the question of whether Sowell's claims are preempted because dismissal of Southwest is appropriate for failure to timely effectuate service and on statute of limitations grounds.

---

[9]   ECF 20, at 9.

### A.  Sowell failed to serve Southwest in accordance with Fed. R. Civ. P. 4(m).

Fed. R. Civ. P. 4(m) governs service of process, the means by which federal courts perfect jurisdiction. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A plaintiff can avoid dismissal for failure to comply with Rule 4(m) by establishing that there was "'good cause' [for the delay] or by convincing the court that it should exercise its discretion and extend the time for service even absent a showing of good cause." *Id.*; *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018) (per curiam) (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005)). Good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Even where good cause does not exist, the Court can exercise its discretion to permit late service of process. While there are no dispositive factors, courts should consider "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service" when deciding whether to exercise its discretion. Fed. R. Civ. P. 4(m) advisory committee note to 1993 amendment.

The Court finds no good cause and no reason to exercise its discretion to permit late service in this case. Sowell argues that good cause exists due to the "ambiguous language" of the federal rules and the fact that the process server was delayed. Assuming that Sowell's argument is that the rules of service are ambiguous as to whether a signature by the clerk and a court seal are required for a summons, the Court disagrees. Fed. R. Civ. P. 4(a)(1) states that a summons *must* be signed by the clerk and bear the court's seal. Rule 4(b) states that a "summons…*must* be issued for each defendant to be served." These rules are not ambiguous. And, even if the Court agreed that the service rules were ambiguous, good cause would not exist because Southwest *notified* Sowell's counsel of the errors in his process with more than enough time to cure the defect or send a waiver. Sowell did neither. Sowell also alleges that the process server was delayed and cites to an invoice from the process server. That invoice, however, simply states that service was effected on May 31, 2023 and provides no support for the contention that there was any delay on the part of the process server.[10]

Lack of good cause does not end the analysis as the Court can extend its discretion nonetheless. While the running of the statute of limitations is a factor this Court should consider, *see Lepone-Dempsey*, 476 F.3d at 1282, it "does not

---

10   *Id*.

require that a district court extend the time for service of process." *Horenkamp*, 402 F.3d at 1133. For the reasons discussed below, the Court cannot justify exercising discretion in this case where Sowell did not act diligently to perfect service. Exercising discretion here would contravene Georgia's substantive laws that speak to this precise scenario—where the statute of limitations has run between the filing of the complaint and the perfection of service.[11]

### B. Sowell's claims are time-barred.

Under Georgia law, filing the complaint does not automatically commence an action (and thus toll the statute of limitations)—a plaintiff must file the complaint and "effect proper timely service as required by law." *Crane v. Lazaro*, 281 Ga. App. 127, 128 (2006). Courts interpreting the two relevant statutes[12] have found that the filing of the complaint does not toll the statute of limitations unless the plaintiff "exercises diligence" and ensures the complaint is served "as quickly as possible." *Roberts v. Jones*, 390 F. Supp. 2d 1333, 1335 (M.D. Ga. 2005); *Childs v.*

---

[11] This Court must apply Georgia state statute of limitations and tolling laws. *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1216 (11th Cir. 2022) (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–53 (1980)) ("[S]tate statutes of limitation are substantive rules that federal courts sitting in diversity presumptively apply" and "a tolling rule tends to follow the accompanying statute of limitations—so long as the former operates as an 'integral' part of the latter.").

[12] O.C.G.A. § 9–11–3 (regarding filing of a civil case form) and § 9–11–4 (regarding service of process).

*Catlin*, 134 Ga. App. 778 (1975). If more than five days pass between the filing of the complaint and perfection of service, during which time the statute of limitations has run, service relates back only if the plaintiff *diligently attempted* to perfect service. *Webb v. Murphy*, 142 Ga. App. 649 (1977); *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1233 (11th Cir. 1983).

Neither party disputes that the statute of limitations ran on April 11, 2023[13]—two years after Sowell submitted to the breath alcohol test.[14] The complaint was filed on February 10, 2023. Service was perfected not five but 110 days after the complaint was filed, on May 31. Sowell has failed to demonstrate that he exercised *any* diligence in effectuating service on Southwest. *See Strickland v. Home Depot*, 234 Ga. App. 545 (1998). Under these circumstances, the Court declines to exercise its discretion and extend the service date. Sowell's claims against Southwest are time-barred.

---

[13] Southwest states that the statute ran on April 11, 2023, and Sowell's response agrees that the "applicable statute of limitations would bar" the refiling of this complaint. ECF 20, at 3.

[14] According to Southwest, all of Sowell's claims have a one- or two-year statute of limitations under O.C.G.A. § 9-3-33. Sowell does not dispute this.

**IV.     Conclusion**

Southwest's motion to dismiss is **GRANTED** and Sowell's claims against Southwest are **DISMISSED without prejudice**. The Clerk is **DIRECTED** to terminate Southwest Airlines Co. as a party in this case.

**SO ORDERED** this 22nd day of March, 2024.

_____
Steven D. Grimberg
United States District Judge